UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALDINE TRICE,<br><br>                            Plaintiff,<br><br>   v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>                            Defendant. | Case No. 2:20-cv-02139-KJD-NJK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

      Before the Court is Plaintiff's Motion to Remand to State Court (#9). Defendant responded in opposition (#13) to which Plaintiff replied (#18).

      I.      <u>Factual and Procedural Background</u>

      Plaintiff Geraldine Trice ("Trice") filed this action against Defendant Liberty Mutual Insurance Company ("Liberty Mutual") in Nevada state court on July 10, 2020 (#1-1, at 11). The action arises from a claim that Trice submitted to Liberty Mutual for damage to her home and theft of property. <u>Id.</u> at 6. Liberty Mutual paid Trice $1,587.06 for the property damage and requested a police report to reflect the stolen items before it would reimburse for the theft. <u>Id.</u> at 6–7. Trice provided the police report but Liberty Mutual issued a letter denying her claim. <u>Id.</u> at 7. Trice sent multiple letters to Liberty Mutual demanding $40,550 for her lost property, but Liberty Mutual never responded. <u>Id.</u> Trice brought this action in Nevada, and Liberty Mutual, after being properly served, removed the case to federal court. (#1). In its petition for removal, Liberty Mutual asserts that removal is proper and diversity jurisdiction exists because Trice is a resident of Nevada, Liberty Mutual is a company with its principal place of business in Boston, Massachusetts, and Trice's complaint seeks to recover contractual damages in excess of $75,000 and punitive damages to be determined at trial. <u>Id.</u> at 4–5.

II. Legal Standard

A defendant may remove a civil action "brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Removal may be based on federal question jurisdiction or diversity jurisdiction. Id. at § 1441(b), (c). Federal question jurisdiction exists for "a claim arising under the Constitution, laws, or treaties of the United States." Id. at § 1441(c)(1)(A). Removal based on diversity jurisdiction requires complete diversity where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). The removing party "bears the burden of establishing federal jurisdiction" and "the removal statute is strictly construed against removal jurisdiction." Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988).

III. Analysis

Trice's motion to remand focuses on two main issues. First, she claims that there is no claim arising under federal law, so the Court does not have federal question jurisdiction. Second, she claims the value of the case does not meet the $75,000 threshold, so the Court does not have diversity jurisdiction. The complaint makes it clear that diversity jurisdiction exists, and remand is improper.

Trice is correct in arguing that the Court does not have federal question jurisdiction over her claims. She brought causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the Nevada Unfair Claims Settlement Practices Act. None of the claims "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1441(c)(1)(A). However, diversity jurisdiction exists. Trice is a resident of Nevada and Liberty Mutual is a company with its principal place of business in Massachusetts. Federal courts have jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The only thing that could prevent diversity jurisdiction, is the amount in controversy.

The value of the case must exceed "$75,000, exclusive of interest and costs." Id. at § 1332(a). Trice argues that she is only seeking $40,550 so diversity jurisdiction does not exist.

Liberty Mutual argues that the complaint is clear that Trice is seeking more than $75,000. A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." <u>Dart Cherokee Basin Operating, Co., LLC v. Owens</u>, 574 U.S. 81, 89 (2014). The complaint states that Trice is "seeking civil damages to exceed $75,000 for breach of contract" plus punitive damages. (#1-1, at 6, 9). Liberty Mutual has satisfied its burden to establish that removal is proper.

Because the parties are diverse and the complaint requests damages greater than the jurisdictional threshold, this Court has jurisdiction and remand is improper.

IV.     <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand to State Court (#9) is **DENIED**.

Dated this 4th day of February, 2021.

_____
Kent J. Dawson
United States District Judge