UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERALDINE TRICE,<br><br>     Plaintiff(s),<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>     Defendant(s). | Case No.: 2:20-cv-02139-KJD-NJK<br><br>**Order**<br><br>[Docket Nos. 19, 27, 28] |

Pending before the Court are the parties' competing discovery plans. Docket Nos. 27-28. Also pending before the Court is Plaintiff's motion to stay proceedings. Docket No. 19; *see also* Docket No. 22.[1] Defendant construed that motion as seeking a stay of discovery and filed a response in opposition. Docket No. 23. Plaintiff filed a reply. Docket No. 24.[2] The discovery plans and the motion to stay are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, Plaintiff's motion to stay discovery (Docket No. 19) is **DENIED**, Defendant's discovery plan (Docket No. 28) is **GRANTED in part**, and Plaintiff's discovery plan (Docket No. 27) is **DENIED**.

**I.     MOTION TO STAY**

The first issue before the Court is Plaintiff's motion to stay discovery.[3] The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681,

---

[1] The Court construes Plaintiff's filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Plaintiff's reply exceeds the page limits. *See* Local Rule 7-3(b). The Court has considered the reply in this instance, but Plaintiff must comply with all governing rules moving forward.

[3] Given the procedural posture of the case and the arguments presented, the Court treats Plaintiff's motion as seeking a stay of discovery.

1

685 (9th Cir. 1988). "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). It is insufficient to seek a stay of discovery based on a showing that "discovery may involve some inconvenience and expense." *Turner Broadcasting, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

Plaintiff proffers two bases for staying discovery in this case. First, she seeks a stay of discovery pending resolution of her motion to remand. *See* Docket No. 22 at 5-6. The motion to remand has now been resolved. Docket No. 26. As such, this aspect of Plaintiff's motion to stay discovery is properly denied as moot.

Second, Plaintiff seeks a stay of discovery pending completion of a criminal investigation. *See* Docket No. 22 at 4-5. Defendant opposes this aspect of the motion based on the lack of evidence that any such criminal investigation is actually ongoing and that any such investigation does not bear directly on the issues raised in this case. *See* Docket No. 23 at 3. The Court agrees with Defendant that staying discovery on this basis is not warranted. Most notably, Plaintiff has provided documentation requesting a criminal investigation but has not demonstrated that any such investigation is underway. *See, e.g.*, Docket No. 22 at 11. Indeed, Plaintiff's exhibits suggest that a criminal investigation is not underway. *See id.* at 15 (letter from Plaintiff to the Department of Justice indicating that she has "not received any response from [her] complaints to these agencies"). As such, delaying discovery on this ground is not warranted.

In light of the above, Plaintiff has not met her burden of showing a stay of discovery is appropriately imposed and her motion will be denied.

II.     **DISCOVERY PLANS**

Next before the Court are the parties' competing discovery plans. Plaintiff's discovery plan seeks a delay in setting any deadlines pending resolution of a criminal investigation. *See* Docket No. 27 at 4. Defendant's discovery plan seeks entry of deadlines pursuant to the default schedule provided in the local rules. Docket No. 28 at 6-7. The Court largely agrees with the

schedule proposed by Defendant with a modification to the deadline to amend the pleadings given that the proposed deadline has now expired and a modification to the initial disclosure deadline that is imminent.

Accordingly, Defendant's discovery plan is **GRANTED** in part and Plaintiff's discovery plan is **DENIED**. Deadlines are hereby **SET** as follows:

- Initial disclosures:  March 8, 2021
- Amend pleadings/ add parties:  March 15, 2021
- Initial experts:  March 29, 2021
- Rebuttal experts:  April 28, 2021
- Discovery cutoff:  May 26, 2021
- Dispositive motions:  June 25, 2021
- Joint proposed pretrial order:  July 26, 2021, or 30 days after resolution of dispositive motions

### III.  CONCLUSION

For the reasons discussed more fully above, Plaintiff's motion to stay discovery (Docket No. 19) is **DENIED**, Defendant's discovery plan (Docket No. 28) is **GRANTED in part**, and Plaintiff's discovery plan (Docket No. 27) is **DENIED**.

IT IS SO ORDERED.

Dated: March 1, 2021

_____
Nancy J. Koppe
United States Magistrate Judge