1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   GERALDINE TRICE,

Case No. 2:20-cv-02139-KJD-NJK

8                                          Plaintiff,

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

9        v.

10  LIBERTY MUTUAL INSURANCE
    COMPANY,

11

12                                         Defendant.

13      Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (ECF #4).

14  Plaintiff responded in opposition (ECF #11) and Defendant replied (ECF #14)

15      I.      Factual and Procedural Background

16      Plaintiff Geraldine Trice ("Trice") filed this action against Defendant Liberty Mutual

17  Insurance Company ("Liberty") in Nevada state court on July 10, 2020. (ECF #1-1). The action

18  arises from a claim that Trice submitted to Liberty for damage to her home and theft of her

19  personal property. Id. at 6. Liberty investigated the claim and made a payment of $1,587.06 for

20  the property damage. Id. Liberty required Trice to obtain a police report reflecting the stolen

21  items before it could make any payment for the theft. Id. Trice sent a copy of the police report to

22  Liberty, who denied her claim. Id. at 7. Trice then sent Liberty multiple letters demanding

23  payment for her stolen property in the amount of $40,550. Id. Liberty did not respond to the

24  letters. Id. Liberty removed the action to this Court and then filed the instant motion to dismiss.

25  Liberty makes three arguments for why the action should be dismissed. First, Trice's policy

26  contains a valid one-year limitation for all actions against Liberty for denials of a claim and Trice

27  failed to bring this action within that window. (ECF #4, at 6). Second, Trice failed to properly

28  name the defendant and Liberty Mutual Insurance Company is not a party to the insurance

1   policy. Id. at 7. The proper name of the insurer is Liberty Insurance Corporation. Id. at 8. Third,

2   Trice's complaint fails to allege sufficient facts to state a plausible claim upon which relief may

3   be granted for her third cause of action, violation of the Nevada Unfair Claims Settlement Act.

4   Id.

5          II.    Legal Standard

6          Under Rule 8, a pleading must contain "a short and plain statement of the claim showing

7   that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint does not require

8   "detailed factual allegations," but "requires more than labels and conclusions, and a formulaic

9   recitation of the elements of a cause of action will not do." Bell Atlantic Co. v. Twombly, 550

10  U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient

11  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

12  v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). All "[f]actual

13  allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

14  U.S. at 555. While the court "must take all of the factual allegations in the complaint as true, we

15  'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 556

16  U.S. at 678 (quoting Twombly, 550 U.S. at 555). "When the claims in a complaint have not

17  crossed the line from conceivable to plausible, the complaint must be dismissed." Hendon v.

18  Geico Ins. Agency, 377 F.Supp.3d 1194, 1196 (D. Nev. 2019).

19         "Generally, a district court may not consider any material beyond the pleadings in ruling

20  on a Rule 12(b)(6) motion . . . However, material which is properly submitted as part of the

21  complaint may be considered on a motion to dismiss." Hal Roach Studios, Inc. v. Richard Feiner

22  & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Documents "'whose contents are alleged in a

23  complaint and whose authenticity no party questions, but which are not physically attached to the

24  pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss' without converting

25  the motion to dismiss into a motion for summary judgment." Patel v. American Nat'l. Property

26  and Cas. Co., 367 F.Supp.3d 1186, 1191 (D. Nev. 2019) (quoting Branch v. Tunnell, 14 F.3d

27  449, 454 (9th Cir. 1994) (overturned on other grounds)).

28

III.   <u>Analysis</u>

The Court construes a *pro se* motion liberally. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . ."). However, the Court "lacks the power to act as a party's lawyer, even for *pro se* litigants." <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1219 (9th Cir. 2007). While construing Trice's motion liberally, the Court finds that dismissal is appropriate as the limitation period in the insurance policy was valid and Trice failed to allege sufficient facts to support her claim that Liberty violated Nevada's Unfair Claims Settlement Act.

Trice's action against Liberty for the denial of her claim is barred because she failed to bring the action within one year after her claim was denied. "Nevada law permits an insurer to protect itself from remote claims by implementing explicit, unambiguous time limitations in its insurance contracts, so long as the limitations provision does not run afoul of important public policy considerations." <u>Roash v. Automobile Ins. Co. of Hartford, Conn.</u>, No.2:19-cv-00035-GMN-BNW, 2020 WL 607120, at *2 (D. Nev. Feb. 7, 2020) (internal quotations and citations omitted). Such limitations are enforceable, "so long as the period provided in the contract is a 'reasonable balance between the insurer's interest in prompt commencement of action and the insured's need for adequate time to bring suit.'" <u>Williams v. Travelers Home and Marine Ins. Co.</u>, 740 Fed.App'x. 134, 135 (9th Cir. 2018) (quoting <u>Clark v. Truck Ins. Exchange</u>, 598 P.2d. 628, 629 (Nev. 1979)).

The one-year limitation provision provided in Trice's policy is valid because it is explicit and does not violate public policy. The provision provides:

> 8. **Suit Against Us**. No action can be brought against us unless the policy provisions have been complied with. Any action against us for denial of a claim, in whole or in part, must be commenced at any time up to, but not to exceed, one year from the date of the denial of the claim.

This is an explicit and unambiguous agreement that Trice could only bring an action against Liberty within one year of the denial of her claim. Trice's complaint states that on October 17, 2017, she mailed a copy of the police report to Liberty as requested. The next paragraph, while not indicating a date, states that "Defendants issued a letter denying the Claim." Trice then sent letters demanding payment of $40,550 for the loss of her property. Liberty argues that it denied

1    Trice's claim on December 21, 2017. This is consistent with the timeline laid out in Trice's

2    complaint and constitutes the date on which Trice's one-year limitation began to run. Trice did

3    not file her complaint until July 22, 2020, more than a year and a half after the one-year

4    limitation had expired. Additionally, the Court is unaware of a public policy that would be

5    violated by upholding this limitation period. Therefore, because the limitation clause was valid

6    and Trice failed to bring this action within that one-year window, Trice is barred from bringing

7    an action against Liberty for denial of a claim.

8          Trice's complaint also fails to state a claim for which relief may be granted for her third

9    cause of action involving the Nevada Unfair Claims Settlement Practices Act. A complaint "must

10   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

11   face.'" Ashcroft, 556 U.S. at 678. Trice merely states that Liberty had a duty to investigate

12   Trice's claim and cites the relevant statute for the Nevada Unfair Claims Settlement Practices

13   Act. There is no factual allegation whatsoever to support the assertion that Liberty violated the

14   Act. "This type of cut-and-paste allegation is precisely what the Supreme Court held to be

15   insufficient in Iqbal and Twombly." Chang v. CSAA General Ins. Co., No. 2:14-cv-01411-

16   GMN-CWH, 2015 WL 1443175, at *2 (D. Nev. Mar. 30, 2015). Trice has failed to allege any

17   facts to support her claim for her third cause of action. Normally, such a failure to state a claim

18   could be cured and leave would be granted to amend the complaint. However, because all actions

19   against the insurer are barred by the limitation provision in the contract, amendment would be

20   futile. As such, the cause of action must be dismissed.

21         Because Trice failed to bring the action within one year of the denial of her claim, in

22   violation of the valid contractual limitation provision, she is barred from bringing the action

23   against Liberty. Additionally, because Trice failed to allege facts sufficient to support her

24   Nevada Unfair Claims Settlement Practices Act claim, it must be dismissed.

25   //

26   //

27   //

28   //

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF #4) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk enter **JUDGMENT** for Defendant and against Plaintiff.

Dated this 2nd day of August, 2021.

Kent J. Dawson
United States District Judge